EDWARD A. HODGES, Appellant, *v.* STEPHEN H. RICHARDS, Respondent.

*Malicious prosecution — under what circumstances the question of probable cause should be submitted to the jury.*

In an action for malicious prosecution, in that the defendant had sued the plaintiff, charging him with converting the former's money, received by the plaintiff in a fiduciary capacity, and had caused the plaintiff arrest, it appeared that the parties had entered into an agreement by which the plaintiff was to procure orders for the sale and delivery of coal and make collections for the defendant, for which he was to receive a reasonable compensation.

The evidence was conflicting as to the defendant's knowledge of the amount of the orders received by the plaintiff, and he had an impression that the plaintiff was withholding moneys that he ought to pay over. How far this was the plaintiff's fault, or the fault of the defendant, depended upon the inferences to be drawn from conflicting testimony.

*Held,* that the question of probable cause should have been submitted to the jury.

APPEAL by the plaintiff, Edward A. Hodges, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 14th day of October, 1897, upon the dismissal of the complaint by direction of the court after a trial at the Saratoga Trial Term.

The action was for malicious prosecution, in that the defendant had in a former action in this court sued the plaintiff, charging him with receiving moneys as agent of the plaintiff in a fiduciary capacity, and converting them to his own use, and in causing the defendant to be arrested upon a warrant issued in said action for the same cause. That action was tried by the court without a jury and resulted in a judgment for this plaintiff, the trial court finding in its decision as follows:

"In August, 1895, the parties to this action entered into an agreement and by which the defendant was to procure orders for the sale and delivery of coal and make collections therefor for the plaintiff; and, in consideration thereof, the plaintiff agreed to pay to the defendant a reasonable compensation for his services.

"That thereafter, and in pursuance of said agreement, the defendant procured orders for the sale and delivery of a large amount of coal and made collections therefor; that under the terms of the agreement as originally made, or thereafter modified, the defendant had the right to retain a portion of the moneys collected for his compensation, and out of the moneys collected he did retain a portion, but not more than he was entitled to under the agreement; that the defendant had no moneys belonging to the plaintiff which he collected or received in a fiduciary capacity as alleged in the complaint in this action; and the defendant is entitled to judgment against the plaintiff for his costs."

Thereupon this action was brought, and upon the close of the testimony the court directed this plaintiff to be nonsuited, holding that he had failed to show a lack of probable cause; that the defend-

160   HODGES *v.* RICHARDS.

THIRD DEPARTMENT, MAY TERM, 1898.   [Vol. 30.

ant had the right to assume that the plaintiff had acted as his agent and collected the money as agent, and had not paid as much over to defendant as he ought to have done. The court refused to submit the case to the jury upon the question of probable cause and the plaintiff excepted.

*Winsor B. French,* for the appellant.

*C. C. Lester,* for the respondent.

LANDON, J.:

The judgment in the first action is conclusive upon two points :

1. That this defendant had no cause of action against the plaintiff.

2. That he had no real ground to cause the plaintiff's arrest.

Presumptively the defendant acted in good faith, and, therefore the plaintiff here had to show want of probable cause. Whether there was evidence touching that question was for the trial court to decide.

If so, and if susceptible of an inference either way, it was for the jury to draw the proper inference, unless there was such a lack of evidence in support of a want of probable cause that a verdict for plaintiff should not stand. (*Anderson* v. *How,* 116 N. Y. 348.)

The testimony upon this trial was to the effect that the plaintiff, as agent or broker for the defendant, who was a coal dealer, procured various orders for coal to be filled by the defendant under a contract, for a reasonable compensation therefor, and that he collected several of these bills and paid over the money to the defendant thereon, except as to a few of the bills, the amount of which he retained, and had, as the court held in the first action, the right to retain as compensation for his services.

The plaintiff procured some orders upon which the defendant was unwilling to allow commissions because they were from his regular customers, and some orders that the defendant did not fill because he was under the impression that the plaintiff had retained money which he ought to have paid over. The plaintiff wanted twenty-five cents per ton for the orders he procured and five per cent for the money he collected; the defendant thought twelve and a half cents per ton for the orders was enough and that no charge should be made for collections. Thus differences arose between the parties.

The evidence is conflicting as to the defendant's knowledge of the amount of the orders obtained by the plaintiff. The defendant had the impression that the plaintiff was withholding moneys he ought to pay over. How far that was the plaintiff's fault, or his own, depends upon the inferences to be drawn from conflicting testimony.

There was no evidence that this plaintiff was not responsible or that he rendered a false account, and the former judgment is conclusive that he did not wrongfully retain any money.

We cannot say that the jury might not infer that the defendant, in prosecuting the plaintiff and in causing his arrest, was rash, hasty and passionate, and that he did so to force him to a settlement upon his own terms, right or wrong.

Probable cause is defined as such a state of facts and circumstances as would lead a man of ordinary prudence acting conscientiously, impartially, reasonably and without prejudice upon the facts within his knowledge, to believe that the person accused is guilty. (*Heyne* v. *Blair*, 62 N. Y. 19, 22.)

We think the evidence bore upon just that test; whether under it the defendant was in fault, was a question for the jury. Whether, if the facts had been as charged by the defendant, an order of arrest should have been granted, we need not say; because, as the facts actually were, he was not entitled to such an order, and because the evidence will not justify the finding that he knew that the facts charged by him did not entitle him to the order. Whether they did was for the judge to decide to whom he applied for the order. No motion was made to vacate. Because of the order, the charge here is not false imprisonment, but malicious prosecution; that is, the malicious and inexcusable use of legal process to plaintiff's injury. If the defendant had probable cause, he was excusable, otherwise not. The evidence bore upon that question, and the jury should have been permitted to solve it.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.